Your Honors, may it please the court. I'm James Kemp. I represent the appellant, Amy Buchanan, in this matter. I'd like to reserve two minutes for rebuttal if I could. The central issue of this appeal is whether or not Watkins & Letofsky's California and Nevada offices are an integrated enterprise, a single employer for purposes of establishing Watkins & Letofsky as an employer and a covered entity under the Americans with Disabilities Act. For Buchanan's Americans with Disabilities Act claims in this case. Our contention is that the district court erred and didn't follow the summary judgment standard and that it did not view the evidence in the light most favorable to Ms. Buchanan did not draw reasonable inferences in her favor as is required under the standard. The test which we cited the number of cases I've heard primarily Kang versus ULM America Incorporated 296 F3RD 810 2002 case which has applied the integrated enterprise single employer test into employment discrimination cases. I think the district court said that there's not a specific case that's applied to the ADA. And I haven't found one where the Ninth Circuit has applied specifically the ADA. But generally courts across the country do apply it in the employment discrimination cases because the standard for counting the number of employees required to have coverage of the ADA is the same for Title seven for the ADA, for example. They're all very, very similar. So the test the courts look at to see if there are two entities in this case, there's a California office, limited liability partnership there and a Nevada office, a limited liability partnership here in Nevada. The test looks to see whether or not these two offices should be treated as a single employer. The cases date back they come out of the National Labor Relations Board cases originally. And what they look at is integration of operations is the first of the four factors, common management, centralized control of labor relations is the third that's generally considered to be the most important factor, and then common ownership or financial control. With respect to those factors, in this case, the interrelation of operations, we've pointed out that the the law firms use the same website, because they are basically one law firm, they use the same website, they have all of their employees listed there, they have the same toll free telephone number, their website heralds the fact that they practice in California and Nevada. They use the same payroll company, the same administrative staff, the same management. And I think critically, in this case, they actually have the same employee identification number, I think that that should basically be dispositive, if you're representing to the IRS, and Social Security, that you have these employees under one employee identification number, then I don't see how you can say that these are employees of separate entities of separate businesses. The second factor common management, Mr. Watkins, Mr. Lutovsky are the named partners in the firm. They, they run this business, they are attorneys, they by the ethical rules, they have to manage this, they can't have other individuals managing their law firm under the rules of ethics. So we have Mr. Watkins and Lutovsky, as the common management and Mr. Watkins testified to this, I don't really think this is really in dispute, that the two of them commonly manage both both the California and Nevada offices. With respect to centralized control of labor relations. Again, Mr. Watkins, Mr. Lutovsky are controlling all of it from California, where they but the payroll account is for everyone's same employer identification number. The the hiring and firing of employees is done by Mr. Lutovsky and Mr. Watkins. I think you know, any employee discipline, the fair inferences are that any employee discipline, performance evaluations, awards, promotions, demotions, scheduling, these are all the indicia, by the way, this comes from a case called Alberta v. McDonald's Corporation, 70, the federal supplement, second 1138. It's a Nevada case from 1999. The training, the approval of vacations and leaves in this particular case, Miss Watkins, I'm sorry, Mr. Watkins approved the leave of absence for Miss Buchanan, he was in control of her scheduling. All of the compensation, every all of the indicia of the control of labor relations is controlled by Mr. Watkins and Mr. Lutovsky. And again, they generally primarily work from California, which is where I understand they live. Let me just assume that there is this joint management. What about the employee threshold number? And 15 being the record? I know the district court didn't reach that issue. But did did you offer any evidence anything from the depositions on that point? I don't think it was specifically from the depositions, Your Honor. But what happened was they, the defendant in the case did submit their records from paychecks, which is their payroll company, right. And it identified all of the employees that were on the payroll for the particular two pay periods. And so we went and we crunched those numbers. And through that, we found that there were 15 or more employees in each of 27 work weeks in 2017, which would be more than meet the threshold of 20 work weeks. There is a question of fact that was actually raised in the reply reply brief. And that was whether the spouses were correct. That never came up before. We never had a chance to really address that or do discovery on that because that just never came up. If you look at Mr. Watkins deposition, he does mention that they're working for he never says that they're an independent contractor that just comes up sort of at the end. But, you know, if so, if you're if you're counting them as employees, and they're identified as employees, their email addresses say that, you know, give them particular roles, Mr. Watkins testified that they were one was a office manager, one has legal assistant, I think, and are titled paralegal. The indication would be that they are, for purposes of counting employees, their employees, there, there's nothing to establish that they're independent contractors other than the reply declaration by Mr. Watkins. And so, yes, the district court didn't reach that particular thing. And Mr. Watkins has argued that it's not before this court, I agree the district court didn't look at it. But I do believe that we do have the evidence to support if you if you look at the evidence in the light most favorable to Ms. Buchanan, and take all of the reasonable inferences in her favor. I believe the summary judgment was improperly granted on this issue. And the case should be returned for further consideration of the ADA claims. I just further consideration is is the summary judgment deadline passed at by the time you at the time you filed the summary judgment motion was filed here by the other side. Yes, I believe the summary judge judgment deadline I think the summary judgment motion was probably filed on on the deadline or really close to it as I I don't recall exactly but I think that was that was right. And I just just so I can finish up with the fourth common ownership, the fourth part of the test, the common ownership, I think obviously, Mr. Watkins and Mr. Lutovsky are the owners here. And there's no dispute over that. So that factor also favors is Buchanan. Your remaining time. Thank you. Yes. Good morning, Your Honors. Daniel Watkins for Watkins and important thing to do out of the gate is to focus in on what the district court determined in ruling in favor of our motion for summary judgment. And that specifically was the misuse cannon failed to provide sufficient and competent evidence to support their contention of an integrated enterprise. It was the lack of evidence that the court focused on because so much of what the plaintiff has done through the motion for summary judgment. And through this appeal process, and now through the oral argument, is based their claim on allegations, conclusions, and unsupported hearsay statements, other types of evidence that would not be admissible. The court, the district court took great lengths. Okay, let's let's focus on some things that I think were in the record with respect to integration of operations. Is it true that the same IRS employer number is used for all of the employees? And is that in the record? That is there? Yes, John. Is it true? And is it in the record that the two branches of the firm have a common 800 number? That is the record? Yes. Is it true? And is it in the record that the wives of the two partners do administrative work for both offices? Not sure I understand the question. The record does not establish that they are employees in any regard. No, I didn't. I did not ask that question. I asked whether is it true that the wives of the two partners do administrative work for both branches of the firm? I did not ask whether they are independent contractors or employees. Well, the word work, Your Honor, could be a little confusing, at least from my perspective. So I apologize. But what they do provide, Mrs. Watkins provides bookkeeping services, both for for both offices independent of each office. So the answer is yes, and it's in the record. You. Is it true that this is common ownership? And is that in the record? Yes. Yeah. Okay. Now, with respect to the independent contractor that wasn't reached, that was in your reply declaration, I recall. But is there anything in the record that shows whether the wives receive 1099s or W-2 forms? No, Your Honor, in establishing their records to make a case that there were, in fact, 15 employees, the plaintiff failed to determine and make any determination evidentiary wise on the status of Mrs. Watkins and Mrs. Lutovsky. We didn't go forward in our defense of this case, putting forward the developing information on that. But are they listed in the records as working in some fashion, whether independent or otherwise, for the firm? They are working for the firm. The only evidence. So, so actually, if you construed the evidence in the light most favorable to the plaintiff, their employees are working for the firm, correct? No, Your Honor, that is not correct. The only evidence is that they are independent contractors. There is no evidence to the contrary, despite Mr. Kemp's representation to the court a minute ago. There is no material issue of fact on that issue. There's not a single reference to them being employees. It is only that they were independent contractors. Are they on the paycheck employee record? They are not, Your Honor. They are not listed as payroll employees at any time at issue in this case. Are they listed anywhere in the evidence? No, Your Honor, they are not listed as employees anywhere in the evidence. No, I said are they listed anywhere? I don't know. I don't care whether it's employee or independent contractor or no designation. Are they listed as providing services of some sort to the law firm? They are not listed as employees at any time. You keep saying they're not listed as employees. So I'm going to ask my question again, because maybe I wasn't clear. I'm asking, is there any evidence of the spouses being paid in any manner, or providing any services to the firm without characterizing them? As to this, the payment to both Mrs. Lutovsky and Mrs. Malkins, there is no evidence in the record at all on that issue. They do provide services for the firm at both office locations. And what's then? How do we determine that? That's in the record, correct? Yes, I believe I testified to that in our deposition. They actually perform services for the Nevada office at the Nevada location. They perform services for the California office at the California location. They go back and forth. Okay, thank you. I realized that the district court did not reach this. And it may be that the answer to the question here cannot be determinative. But I'm trying to figure out, in order to get to 15, do we need to count the spouses? Yes, we do, Your Honor. The only way plaintiff gets there is to include them, but they can include them in error. And we went to lengths both in the motion for summary judgment in the reply, and then subsequently here in the appeal to point out to the court that at no time, even if you were to consider them as employees, did we ever have more than 15 employees during a 20 week period? But the district court did not reach that question. She did not evaluate the facts on that issue, Your Honor, and determine one way or another. Okay. What I would like to do just to highlight what the district court focused on in making the determination on integrated enterprise. While those points that Your Honors have both made with respect to the four points, and there's four, that the record establishes for integrated enterprise related to interrelation of operations, there are many things that suggest there is no interrelation of operations in the record as well. For example, separate locations, separate leases, separate staffing and the representation by plaintiffs, which has occurred throughout this case, that we use the same administrative staff is flat out inconsistent with the evidence. There's nothing to suggest we do that. We have separate staffing for both offices, separate logistical support in the form of vendors. We don't use the same vendors here as we use there. Let me ask you this. It's a foundational question. Everyone has assumed the answer, but I want to make sure that we're on the same page. The four factors that we're focusing on come out of Kang, which is a Title VII case. This, of course, is an ADA case. Is there any dispute that we should apply these factors to an ADA case? Not from my perspective, Your Honor. I think it's the best guide that we have. With respect, this is an important point, if I may make it. Plaintiff has represented that we use the same health insurance company for both, and we run all of the employees under health insurance. That is nowhere in the record. In fact, we do not. That is in the record. So there's misrepresentations as to the comment or to the facts. If we look at it again, they reference, oh, by the way, we do have different phone numbers in addition to the 800 number, which is there for marketing purposes only because it's attached to the website. Both offices have a different phone number, different fax number, and we have different financials and different accounting. All of those factors weigh into the interrelation of operations. That's the evidence that actually suggests there is no interrelation of operations between the two locations. In addition to the fact they're both separately identified as LLPs each in their respective states. This one is really important, though. If we look at the third factor, Mr. Kemp has identified it as the most critical it is, and it's identified that way in Kang, and by other courts, the most critical factor is centralized control of labor relations. Plaintiff has stated repeatedly, hiring and firing, employee discipline, performance evaluations, awards, promotion, scheduling, work assignments, training, compensation, all of those things are apparently centralized control of labor relations. The district court found and it is true that there is not a single piece of evidence to support those allegations. Let me ask you this. Are you and your partner the owners of the sole partners in the firm? Yes, sir. And you're asking me to, or let me say it this way. Why is it not a reasonable inference that the two partners in the firm control these things? I mean, if if your partners in the firm, and you're not looking at employee decisions and labor relations, they've never seen a firm like that. The well, that's a conclusion that you might be able to draw from the fact that we own the office, but it is not. That's a separate factor in Kang. First of all, and if we look at actually, it may well be a separate factors whether your own, but I just asked you and you said that you are the two of you are the partners. And in for summary judgment, we look at the undisputed facts and reasonable inferences that may be drawn from those facts. But it strikes me as a reasonable inference that the two name partners, the sole name partners will have a fair amount to say about who works for them, who are the associates how much they're paid and so on. I've never seen a firm that doesn't operate that way. The evidence also establishes your honor for the purposes of this point, that we have supervising attorneys in each location that conduct much of this centralized control certainly subject to the partners ultimate decision, but the control and the management of the office performance valuations and pay even for example, pay and bonuses. It is true, we have senior associates in each location that's responsible for that. That never came out. I was never asked that certainly would come out of trial. But what's most important is the plaintiff has no evidence other than the fact that the partners own the location to support that the partners actually control all of those management decisions. They have failed to establish any evidence on the most critical factor. You know, factor three doesn't say control all. If you control a fair number of them, that may be enough to satisfy factor three. But I'm taking the plaintiff's statements at face value, which they have offered to the court as evidence that we control all of those factors I previously listed. That's the plaintiff statement. There's no evidence to back that up. So I guess it's an odd case because if we were to take all of the substantiated facts that you don't dispute the phone Where's the dispute? Or is this a case where you line up all the facts that there are? Leave out the facts that we don't have, but take all the facts in the light most favorable to the plaintiff? Is this something that should be decided as a matter of law? In other words, what what's there for the jury to decide is my question. Well, the district court determined it was to be decided as a matter of law because of the lack of evidence supporting each of the four categories and the four categories in total. So it was the lack of evidence, sufficient and competent evidence. The court went to lengths again to point out that evidence, even if there's just a scintilla of evidence, that's not enough to actually support the claim. If it's based on conclusions, allegations, supposition, evidence that lacks foundation, hearsay, inadmissible evidence, that's not enough to support the allegations and to move it past the integrated enterprise test. So the court actually focused on the lack of evidence and determined as a matter of law, they didn't have enough proof. And I believe in her order even stated, they don't provide enough evidence for the court to conclude. So she has determined that that is in fact the case, after looking at all of the evidence through the motion. So I believe it is determined as a matter of law should be in the court properly assess the evidence that was before her when she made her decision. There does seem to be some dispute between the parties as to what was actual evidence versus argument. Is that fair? That is fair, Your Honor. And if you look at the briefing, and this court's level, we highlight those that those items that are stated by plaintiffs, which are supposition and conclusion and allegation versus actual evidence. The court has properly identified four factors, and only four that are actual evidence in the record supporting their claim of an integrated enterprise. There is all sorts of evidence, admissible evidence to the contrary, that it's integrated. But most importantly, it's enough to meet those burdens. And just to finish, Your Honor, because I see that I'm over. If we do look at the 15 requirement, 15 employee requirement, there's the only evidence before the court, on the count, that's adequate, establishes that at no time, whether it's not any period of time, whether we're 15 employees or more over a 20 week period of time. And that includes Mrs. Watkins and Mrs. Witoski. But I don't want to submit to you. Where in the record would we look to come to that conclusion? The briefing refers to what we did in response to the claim that we were over 15 is took a look at the payroll records, which Mr. Kemp had referred to, identifying the number of employees over two week periods of time. We then took our actual payroll listing of when employees started and left. And we brought those two together and presented that at the motion for summary judgment stage. So there is a ledger that brings in together our own assessment of when employees left and came in and the two week period by paychecks, the payroll services. And when you put those together, and you consider the 20 week period, that's that issue. I know we did not exceed 15 employees during any 20 week period. Thank you. You have with that I see I'm way long. So you're. Thank you. Your honors, there is evidence. There is conflict in the evidence to a certain extent to the extent that the defendants raise that as being a conflict. And that's exactly the kind of thing that summary judgment is not appropriate for. We should have a full evidentiary hearing a trial to to look at the evidence and to determine what are the specific conflicts in evidence that you can point us to that would be helpful. Well, so for example, the the paychecks records about well, okay, so I'm sorry, the paychecks records or something else. That's about whether or not there are 15. But in terms of the evidence of there being separate ledgers and separate books, for example, that only comes up through Mr. Watkins reply declaration. What we have is evidence that shows that they do have, you know, the requisite control, they are in financial control. These two attorneys have to run their law firm, I think the inferences that that they do. So the evidence that we've cited in our briefing, Your Honor, that shows that they are interrelated these two firms, I would also point out, no, I'm asking where's the conflict in evidence? I mean, you've listed a whole series of things. So we're taking the crediting those in the light most favorable to you. We're one example. And that's all I'm asking for a specific. So a lot of that is credited to your favor, because you've listed all those things. And nobody disputes them. I don't think that one example, one example that Mr. Watkins brought up was the health insurance. The inference that there, when Ms. Buchanan's health insurance got canceled, she had to contact, I forget, I think it was Ms. Watkins to get the health insurance reinstated. That was all done through the California office, there were only two employees at an office full time and that was Mr. Forster, Ms. Buchanan. Subsequently, they did not have a group health insurance for just two people. It was Aetna, it was, you know, that so there's evidence there that there was this joint health insurance. Mr. Watkins has suggested maybe that there wasn't. So I don't think there's a dispute of the facts there. I would point out, I did want to point out a couple of things in the records that your honors asked about excerpts of record. Page 109 is Watkins and all of the people that are working there, including Nancy Lutovsky, who is listed as office manager slash legal assistant, and Susan Watkins, who is bookkeeping slash billing. So there's one piece of evidence in the record that shows that Ms. Lutovsky and Ms. Watkins were working for the firm. And then the other evidentiary point, excerpts of record 253 through 293 are the paychecks records that show where all of these people were being paid under the same out of out of the same payroll system. And that would be everybody from Nevada and California. But that's the those are the records that don't show Ms. Lutovsky and Ms. Watkins. So that is, there's a dispute there with respect to whether or not they are independent contractors. And we never really had a chance to brief that we never had a chance to go through all of that. Because it was brought up in the reply report. So I'm way over your obligation, though, as as the plaintiff. Um, so, so ultimately, yes. But I mean, we've cited cases that show when you bring these things out in reply, there's not an opportunity to respond to it, though, in some districts, they do have local rules that account for that we don't have that in Nevada. I appreciate your point on that. So thank you. Your time is expired. I appreciate the argument from both council this morning. The case of Buchanan versus Watkins and Lutovsky is submitted. The remaining cases are submitted on the briefs this morning. And so we're adjourned. Thank you.
judges: McKEOWN, FLETCHER, Vratil